WALLACE *et al. v.* EASON.

[95 South. 834. No. 23084.]

SCHOOLS AND SCHOOL DISTRICTS. *Statutes providing consolidation of districts held not to vest supervision and control of property of old districts in trustees of consolidated district.*

    The statutes which provide for the consolidation of school districts do not vest the supervision and control of the property used for school purposes in the old districts in the trustees of the new consolidated district, or that such property shall be used for school purposes by the new district.

APPEAL from chancery court of Tate county.

HON. JAS. G. MCGOWAN, Chancellor.

Suit by E. W. Wallace and others, trustees of Looxa-homa Consolidated School District, against H. T. Eason. From a decree sustaining a demurrer to the bill, plaintiffs appeal. Affirmed and remanded.

*E. D. Dinkins,* for appellants.

The board of supervisors (Laws 1918, ch. 234, sec. 4006c, Hem. Code) is authorized to make conveyance of the property of an old school district which is embraced in the new consolidated school district (as in the instant case), upon petition of majority of the qualified electors of. the old district, but in so doing they exercise a special and limited jurisdiction and are acting as the agent of the legislature but the bill in this case specifically charges that the board of supervisors in executing the quit-claim sought to be cancelled did not act on such petition and that there was no pretense made of complying with the act referred to without which they were totally without right to execute it.

It is not unusual for the legislature to delegate to the boards of supervisors authority in many things that are aside from their regular duties, such as the issue of district school bonds, but this clearly because of the public character and easy accessibility of their records, and in the exercise of such authority they are not only limited to the letter of the statute but all jurisdictional facts must be stated in their records, and no presumptions are in-dulged in their favor. Our school system is a state institution functioning in the state and counties under legislative control, and it is within the competency of the legislature to require boards of supervisors and other agencies to serve that department, but such inherent power in regard to the public school system as is conferred by the Constitution, is vested in the department of education, of which school trustees are an agency, and, consequently,

in the absence of a statute authorizing protective litiga-
tion as to school property, the right to act is referable to
the department of education rather than to the board
of supervisors, but there is neither lack of legislative au-
thority, nor precedent, as the statute to which reference
has been made (secs. 7344-5, Hem. Code) specifically
charges the trustees with the care and protection of school
property, and I will undertake later to show that this
court has recognized their right to sue to that end.

If the title to district school property vests in the trus-
tees, their right to maintaining protective suit is beyond
controversy, and there is nothing in our statutes, or laws,
even suggestive of the idea that such title vests in the
board of supervisors or that they are trustees therefor or
are charged with any duties with reference to it or have
any jurisdiction over it except in such special cases as the
legislature may require, and it is difficult to understand
how the learned chancellor could take the view suggested,
or hold that the relation of the trustees was not such as
entitled, or even mandatorily required them to apply to
the court for the protective relief sought in this case.

The text in 24 R. C. L. 564, reads "School Districts are
*quasi*-municipal corporations, sometimes termed, involun-
tary corporations. They have perpetual succession and
may sue or be sued even in the absence of a statute author-
izing such action." *In Carmichael* v. *School Trustees,* 3
How. 84, this court has held that trustees of school lands
are such corporation, and in *Cornell* v. *Woodard,* 5 How.
665, 37 A. D. 173; that they will be considered as suing as
such corporation and in *Beeks* v. *Forshe,* 3 Cush. 55,
which was a suit by school trustees on a contract with a
teacher, no objection was interposed as to parties. The
cases last referred to seem to involve township trustees,
but the principal is the same as in the case of district trus-
tees. Suits by and against school trustees have been per-
mitted in this state ever since its organization, and the
early cases under statutes much less comprehensive than
at the present time.

That district trustees are a *quasi*-corporation and may sue and be sued seems hardly to have been questioned, but I desire to call attention to a few of the cases in which their authority to sue has been recognized. *McLoud* v. *Selby,* 27 A. D. 689; *Morris* v. *School District,* 63 Ark. 149, 37 S. W. 565; *Lewis* v. *Trustees,* 5 Ky. Law Rep. 767; *Wright* v. *Baker,* 94 Ky. 347, 22 S. W. 335; *School District* v. *Raymond,* 86 N. Y. 182; *Alderman* v. *School Directors,* 91 Ill. 176, and *School District* v. *Arnold,* 21 Wis., but reference to these ancient holdings should not be necessary in view of the very recent decision of this court in *Trustees of Indian Springs Public School* v. *Carter, et al.,* 123 Miss. 457, 86 So. 289, where the question is squarely presented in a case identical with the instant one and decided in favor of the right to sue.

Without any statutory provision on the subject, as uniformly held by the courts, the trustees not only have the right to sue but should be held bound to do so for the protection of title to school property, but our statute (secs. 7344-5, Hem. Code), enjoins the duty upon them under the enumeration of their powers and duties, where it is said that they shall "protect the school property" and "to manage and control the school property within their district," the word "protect" as defined by the courts and lexicographers means: "To cover, shield or defend from injury, harm or danger of any kind. To shield from trespass, to preserve in safety." 3 W. & P. (2 ed.), 1312. The term "property" is sufficient to comprehend every species of estate, real and personal.

On the trial of this case in the court below the learned chancellor was influenced by two decisions of this court, one being *Trustees Yazoo City Public Schools* v. *Yazoo City Library Assn.,* 12 So. 30, and *McKinnon Supt.* v. *Gowan Brothers,* 90 So. 243, conceiving them, and especially the former case to hold that trustees were not authorized to maintain or defend a suit involving title to school property but it is very clear that such construction cannot be placed on the holding in either case.

In the Yazoo City case it is absolutely clear that the claim asserted by the Trustees of the Yazoo City Public School township with which the trustees of Yazoo City School had no connection and was not authorized to represent. It was a question of suing, or defending, by the wrong trustees, with no suggestion that the township trustees would not be authorized to make the defense.

In the McKinnon case the question of proper parties was not involved, but the court permitted the suit to be maintained against the trustees of an agricultural high school, but held that the school property was not subject to mechanic's lien which it was the purpose of the suit to enforce. There was no objection as to the parties and no suggestion of the necessity of joining the board of supervisors.

Title in local district. As before stated if the title to school property is in the local district then, certainly, the trustees of the district elected by the patrons of the school and in the manner provided by statutes, they become the agents of the district and, independently of the statute prescribing their duties and of any statute authorizing them to sue or be sued, the very nature of their office would confer the right and impose the duty of maintaining such suit as might be necessary to protect the property of the districts for which they are the agents.

The most satisfactory statement, and practically the only clear one I have been able to find as to the ownership of school property is in 24 R. C. L. 581, sec. 30, where the text reads:

"The ownership of school property is generally in the local district as trustees for the public at large. The legislature may control or dispose of this property without the consent of the local bodies, so long as it does not apply it in contravention of the trust, for the local bodies are mere agencies of the state."

Conclusion. Property involved in this suit is of slight value, but the principal is far-reaching in that the decision will determine the right of control and intervention by

district school trustees to protect property especially committed to their care without application to the board of supervisors.

The question in my mind is settled by the statute defining the duties of trustees and by this court in the cases referred to, and also by the principles governing the rights of trustees who are, necessarily, the lawful agents for the districts, for the public at large and of the department of education. I respectfully submit that the decision of the lower court should be reversed and the cause remanded for trial on proof.

*H. Talbot Odom,* assistant attorney-general, for the state.

In view of the fact that appellee's counsel cite the case of *National Surety Company* v. *Board of Supervisors of Holmes County,* 81 So. 792, and, further in view of the fact that they argue that the trustees in this case were not given the express authority to bring this suit by statute. I again wish to call the court's attention to the fact that the legislature delegated such authority to the trustees in section 7344 of Hemingway's Code, and especially the clause thereof which gives the trustees the right, and imposes upon them the duty to protect the school property and care for same. If the law is as argued by counsel for appellee that no suit can be brought without permission of the board of supervisors, or by the supervisors in the name of the county, school trustees would very frequently be confronted with the duty imposed upon them by law and yet powerless to act in the matter. In the present case, for instance, the board of supervisors not only refused to act, but have themselves committed an injury to the school property by selling same through a quit-claim deed without any consideration whatever.

After the board of supervisors had disposed of this property without any consideration, certainly they would not consent that a suit be brought in the name of the county to recover this property. And if the trustees, whose duty it

is to protect this property, have no legal standing in court, then this property is without protection in such a case.

In support of the contention made by appellant in this case, I cite Voorhees on the Law of Public Schools, at page 38, wherein we find the general rule stated as follows: "By statute it is generally made the duty of the district board of directors, or some other officials to take control of and manage the property used for school purposes in the district. Incidentally to these duties, they have the authority to bring suit for any injury to the school property."

Our statute goes further, and not only gives them the right to manage and control the property, but imposes upon the trustees the duty to protect same. We find the following definition of the word 'Protect' in the second series of Words and Phrases, Volume 3, at page 1312.

"The word 'protect,' as used in a bond accompanying a deed, wherein the obligor covenanted to 'protect' the lands conveyed from levy and sale under a certain judgment, is equivalent to, or at least includes, 'defend against attack,' which is one meaning of 'protect.' The contract was not that the lands should not be sold under judgment but that the vendor would 'protect' them against sale. This required him to defend in suit, to enforce the judgment by sale of the lands, unless he can make it appear that such defense was not reasonably necessary for the protection of the lands. *Mettlar* v. *Conover* (N. S.) 64 Atl. 464, 465.

I respectfully submit that under these authorities, and those cited in the original brief on behalf of appellant herein, the judgment of the lower court should be reversed.

*Holmes & Sledge,* for appellee.

We have read with much interest the brief filed herein for and on behalf of the appellants in this cause, and it appears therefrom that the appellants are "begging the question," and now realizing the error of their way, and recognizing that there is no specific or express authority

for such suit in their names as such trustees of the Looxa-
homa consolidated school district, have joined with the
many in the present pastime of appealing to our supreme
court to legislate for them specific authority, at least by
construction, for such suit, there being no such authority
granted by statute, said appellants concluding their appeal
in the following language: "Property involved in this suit
is of slight value, but the principal is far reaching in that
the decision will determine the right of control and inter-
vention by district school trustees to protect property,
specially committed to their care without application to
the board of supervisors."

We respectfully submit that there is no such authority
given such trustees by statute in this state, or otherwise,
but on the contrary, such a suit is restricted, and only al-
lowed to be brought in the name of the county. Mississippi
Code 1906, sections 309-310; Hemingway's Code, sections
3682-3683; *National Surety Company* v. *Board of Super-
visors, Holmes County,* 81 So. 792; *Board of Trustees of
Public Schools in Yazoo City et al.* v. *Yazoo City Library
Association,* 12 So. 30.

As to the question of whether or not the lot of land in
question in this controversy is public property we most re-
spectfully refer the court to its conclusions reached in the
case of *McKinnon* v. *Gowen Bros.,* 90 So. 243.

In the instant case, or the case at bar, the title to the
property as alleged by appellants, in their original bill,
as in the case of *McKinnon* v. *Gowen Bros.,* was taken in
the name of the trustees of the Looxahoma (not consoli-
dated) school district, which was in effect, a conveyance
to the county, and this being true, the demurrer interposed
was properly sustained, and especially so as this is a suit
in the name of trustees of Looxahoma consolidated school
district, and not Looxahoma school district.

After careful investigation of the statute, we have been
unable to find any statute authorizing trustees, or boards
of trustees of schools or school districts to sue in the name
of such trustees or boards of trustees for the benefit of a

school or school district, or for the benefit of a county, or any part of a county. In fact, suits to enforce the rights of a county or any subdivision thereof could not be brought in the name even of the board of supervisors, but must be instituted in the name of the county, all of which is clearly shown by decision above referred to.

Appellant erroneously contends 'that sections 7344-5, Hemingway's Code of Mississippi not only authorizes but enjoins the duty upon such trustees under the enumeration of their powers and duties to sue in their own names as such trustees for the protection of title to school property, but holds said trustee as such to be bound to do so for the protection of title to such property.

We differ with the appellants in the construction placed on the statutes mentioned enumerating the duties of trustees and find from a careful reading thereof, insofar as such would in any wise be imagined to effect the question in issue, that their powers and duties, among others, are (1) to manage and control the school property within their district and to employ a janitor; (2) protect the school property and to care for the same during vacation.

We most respectfully contend that the statutes referred to enumerating such powers of trustees, are statutes of limitation, and unless express authority is given the said trustees to sue in their names as such for the benefit of a county, or such school district, or any part of a county, then such suit certainly could not be brought as in the instant case, and certainly no presumption of authority should be indulged in their favor, especially when express provision is made for the bringing of such suit in the name of the county, where only a part of the county or its inhabitants are concerned, and where there is a public right of such part or parties to be vindicated.

And too, such phrases as "management," "protection," "control," etc., as set out in statutes above referred to have been by the courts construed and defined as the act or art of managing; the manner of treating, directing, carrying on or using for a purpose; conduct, administration,

guidance, control. "To manage " is defined by Webster as meaning to have and control by direction, to conduct, to guide, to administer, or to handle, and in no stretch of the imagination could be held to include a power of disposal, and the words "manage" and "control" being synonymous (*Ure* v. *Ure,* 56 N. E. 1087) and to protect being defined as set out in appellant's brief to only mean to manage, control and protect according to law, and that the statute therefor cannot be understood to give to trustees or boards of trustees such power as sought by appellants in this instance, where there is an absence of a specific provision of law therefor, or to the contrary, but means nothing more than that they should have power to manage, control and protect the school property according to law. *Cook County* v. *McCrea,* 93 Ill. 236. However, if we are mistaken as to our conclusions as above set out, we most respectfully submit that this suit cannot be maintained by the trustees of the Looxahoma consolidated school district in view of section 4006c, Hemingway's Code.

This statute negativing the position of appellants that title to the lot in question which had been used for school purposes, but now vacant and not so used, but now embraced in the consolidated district subsequently organized, is in appellants as "trustees of the Looxahoma consolidated school district." And, too, the original bill in this cause absolutely fails to allege any conveyance whatsoever of the lot in question, pursuant to said statute, or conveyance of said property directly to said consolidated school district for the support and maintenance thereof; therefore, if such a suit could be brought or maintained by trustees at all, as contended by appellants under sections 7344-5, it will certainly be necessary for such suit to be brought in the name of the trustees of the Looxahoma school district and not in the Looxahoma consolidated school district as in this instance.

The only case of the Mississippi supreme court cited by appellants in their brief is the case of *Trustees of Indian Springs Public School* v. *Carter et al.,* 86 St. Rep. 289. We

call this court's special attention to the fact that this last-mentioned case was a suit by the trustees of the old public school and not by the trustees of the consolidated school district which embraced the acre of land upon which the old school house was located, and which became a part of the consolidated district.

And, too, this was a suit by the trustees of the former public school suing a trespasser *ab initio* who had torn lumber from the old abandoned school house, and which decision we think is clearly in line with the decision and opinion of the court rendered in the case of *McKinnon* v. *Gowen Bros.*, 90. So. 243, which last-mentioned decision very clearly determines that in Mississippi the land conveyed to trustees for school purposes is a conveyance to the county and is public property and a dormitory or building thereon is school property.

And we therefore most respectfully submit that the decree of the lower court in sustaining said demurrer should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree sustaining a demurrer to an original bill and was granted to settle the principles of the case. The bill was filed by the trustees of the Looxahoma consolidated school district and sought the cancellation of a claim asserted by the defendant, the appellee here, to certain property of which the complainants, the appellants here, claim the supervision and control for the use and benefit of the consolidated school district. The bill alleges that the—

"Looxahoma consolidated school district was organized during the year 19—, and that prior thereto there existed in the said county and within the boundaries of the said consolidated school district, a school district known as Looxahoma school district, and that the present existing district, by its trustees, succeeded to all of the school property owned and controlled by the said Looxahoma school district, which last district owned, occupied, and used a

certain tract of land in section 33, township 5 range 6, in said county, as a school site, which said tract of land, complainants are advised, is embraced within the following description, to-wit:  .  .  .  Complainants further show that the said lot of land has been continually occupied and used adversely by the Looxahoma consolidated school district and its predecessor, Looxahoma school district, for more than thirty-one years last past, and as such trustees for the use of their principals they claim title thereto by prescription and that their said title and right of occupancy and use is absolute and unconditional."

The bill sets forth the appellant's claim of title to the property and prays its cancellation.  Assuming for the sake of the argument that a bill of this character may be maintained by the trustees of a consolidated school district under the power given them by the statute to supervise and control the district school property, it does not appear from the bill that the property in question is a part of the consolidated school district property.

The statutes which provide for the consolidation of school districts do not vest the supervision and control of the property used for school purposes in the old districts in the trustees of the new consolidated districts, or that such property shall be used for school purposes by the new district.  The only statute dealing with such property which has come under our observation is chapter 234, Laws of 1918 (Hem. Code Supp. 1921, section 4006c), which provides that the board of supervisors of the county in which the property is situated may sell it and appropriate the proceeds to the use and benefit of the consolidated school, or convey the property directly to the school.

Without deciding that this statute controls here, the bill contains no allegation that the supervision and control of the property has vested in the trustees of the consolidated district; the allegation with reference thereto being simply to the effect that such supervision and control has been exercised by them since the consolidation of the old districts into the new district.

*Affirmed and remanded.*